## JEDEDIAH STRONG v. JOHN N. EHLE AND EDDIE EHLE.

### *Mortgage foreclosure—Equitable title.*

A father purchased 240 acres of land, and at his request it was stated in the deed, following the description, that the land was deeded to the father in trust for an infant son, naming him. The father made the down payment, and secured the balance of the purchase price by a mortgage on the land; after which he removed valuable timber, and at the time of the foreclosure of the mortgage was living on the land, of which he had had possession since the purchase. And in affirming an ordinary foreclosure decree, except as modified as to order of sale, the Court hold that no technicalities can be invoked in favor of the minor, who has no interest in the land except as a gift from his father, which must be subordinated to complainant's lien, which certainly attaches to the premises as a vendor's lien for the unpaid purchase money.

Appeal from Montcalm. (Smith, J.) Argued April 23, 1891. Decided May 8, 1891.

Bill to foreclose a mortgage. Defendant Eddie Ehle appeals. Decree modified and affirmed. The facts are stated in the opinion.

*N. O. Griswold,* for complainant.

*A. C. Maxwell,* for appellant.

MORSE, J. This is a bill filed for the foreclosure of a purchase-money mortgage.

The land involved embraces 240 acres on sections 8, 17, and 18 in the township of Evergreen, in the county of Montcalm. In February, 1886, the complainant, who was then the owner of the land, sold the same, as he supposed, to John N. Ehle, for the sum of $1,680. Ehle paid $560 down, and gave two notes of $560 each, due in 18 months and 3 years, respectively. To secure the payment of these notes the mortgage in suit was given. No payments of either principal or interest have ever been made on said notes and mortgage. When the deed was executed, at the request of John N. Ehle the following clause was inserted after the description of the premises:

"The above description of land is deeded to John N. Ehle, in trust for Eddie Ehle, a minor."

The complainant states in his bill that at the time he supposed that the legal title to the lands was by his deed vested in John N. Ehle, but that he has since been advised, and now believes, that the legal title, by operation of law on account of said trust clause, became vested at once in the said minor, Eddie Ehle. He also avers that at the time of making the deed the said John N. Ehle also supposed that the legal title was conveyed to him, and not to the defendant minor, Eddie Ehle. John N. Ehle states in his answer:

"That he only intended the mortgage for what it might prove to be worth as security, as he was acting solely upon that idea, and had no knowledge that it would bind said defendant Eddie Ehle, and did not intend that it should, unless the law would bind him, but desired that said Eddie Ehle should have all the benefit and advantage the law might give him in that respect; believing and

thinking that, if the complainant was a mind to take a mortgage from this defendant on lands belonging to said defendant Eddie Ehle, he might run his own risk as to the securities afforded, as said Eddie Ehle did not authorize this defendant so to do, and was then a minor."

He denies that the mortgage is a valid lien upon the lands, and avers that the payment of $560 was made with the money of Eddie Ehle. It will be seen by this answer that John N. Ehle admits in substance that he meant to commit a fraud upon the complainant when he gave this mortgage. For this reason, and for others found in his testimony, we are not disposed to place any reliance upon his statement, which is supported by no proof but his own, that the money paid down upon the purchase of the land was the money of the minor.

We are satisfied that the minor never gave any consideration for the purchase of this land, and has no interest therein except such as he may take from the deed itself. He has no equitable rights as against the complainant. The evidence shows that this land was what is commonly known as "stump land." The pine timber had been once lumbered off, but there was still standing and lying upon it much valuable pine timber, if it were taken off in season. John N. Ehle testifies that *he bought it* for the timber, and to make a farm of it. On the whole land, since he bought it, he has taken off 2,000,000 feet of lumber, and 3,500,000 of shingles.

No defense seems to have been made for the minor in the court below, but John N. Ehle defended on the ground that there was an outstanding lease or right of flowage of about 40 acres of the land, which Strong promised to have released in a few days, but which he did not do, thereby preventing Ehle from using the pine timber standing and lying upon such overflowed 40 acres, to his damage. He testified on the trial that he was paid in

the years 1887 and 1888 $1,000 for the flowage of said lands, or the damage resulting from such flowage, by the Grand Haven Lumber Company, who had a dam upon the creek below his premises; also that he is now living upon the land as a farm. Eddie Ehle, the minor, is his son. The testimony shows conclusively that he has had possession of these premises, and used them as his own, ever since the purchase, and that he, either for himself or his son, has made great profit from his purchase.

The defendant minor appeals from the decree below, which was an ordinary foreclosure decree in favor of complainant. We do not consider it necessary to determine whether or not the legal title in these lands vested in the minor by the deed. As before said, such minor has no equitable title as against the mortgage of the complainant, who at the least has a vendor's lien upon the premises for the unpaid balance of the purchase money. No technicalities can be invoked even in favor of the minor, as we are satisfied such minor has no interest in the land except as a gift from his father, which gift must be subordinated to complainant's lien.

As there are, however, four separate parcels of this land, we think the decree of the circuit court should be so modified as plainly to direct that the same be sold in parcels, and that the parcel upon which the dwelling-house is situated be offered last, and sold only in case the other parcels do not sell for enough to satisfy the decree and costs.

The decree, as thus modified, will be affirmed, with costs of both courts.

The other Justices concurred.